No. 05-272

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 327N

STEPHEN VAUGHAN,

       Petitioner and Appellant,

  v.

REVA STANTON,

       Respondent and Respondent, For
       the Matter of Custody/Visitation of a
       Minor Child, Michael Vaughan.

APPEAL FROM:    The District Court of the Fourth Judicial District,
                    In and For the County of Missoula, Cause No. DR 2004-117,
                    Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Stephen Vaughan, *pro se*, Marcy, New York

       For Respondent:

           Reva Stanton, *pro se*, Missoula, Montana

Submitted on Briefs:  December 7, 2005

Decided:  December 20, 2005

Filed:

_____
                              Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports

¶2 Stephen Vaughan (Vaughan), *pro se*, appeals from the Order of the District Court of the Fourth Judicial District, Missoula County, denying his Motion Directing Service and his Motion for Appointment of Counsel. We affirm.

## BACKGROUND

¶3 From February of 2004 to March of 2005, Vaughan made several efforts to initiate an action in the District Court. First, in February of 2004, Vaughan filed his Notice of Motion to Proceed as a Poor Person, thereby notifying the District Court of his intention to bring a "Visitation Action." In doing so, Vaughan designated Reva Stanton (Stanton) as the Respondent. Further, Vaughan gave notice of his status as an inmate at New York's Marcy Correctional Facility.

¶4 In March of 2004, Vaughan filed a Petition for Visitation, claiming that he and Stanton, although never married, were the natural parents of a minor child named Michael Vaughan. Further, Vaughan claimed that Stanton resided in Montana and had maintained custody of the child since birth. Finally, Vaughan requested "an order awarding visitation through correspondence at least twice monthly" with the child. At this time, Vaughan also

2

filed his Affidavit in Support of Order to Show Cause wherein he, *inter alia*, claimed to be unable to achieve personal service, and thus requested that "timely service by mail be deemed sufficient."

¶5     Later that month, the District Court filed an Order observing that Vaughan had not served his pleadings on Stanton, and stating that the court would not act upon any pleadings until Vaughan produced proof of service of process. Further, the Order required Vaughan to file "a specific pleading as to why jurisdiction should be held in Montana, rather than the State of Washington, where the Snohomish County, Washington Superior Court . . . established paternity and reserved residential parenting time with Mr. Vaughan."

¶6     In May of 2004, Vaughan filed an Affidavit of Jurisdiction explaining why "jurisdiction is the State of Montana for the purposes of this action." The District Court then entered another Order observing that Vaughan's Affidavit of Jurisdiction had not been served on Stanton, and stating that the court would not act upon any pleadings until Vaughan produced proof of service of process.

¶7     In July of 2004, Vaughan filed an Affidavit of Service, wherein he claimed to have "served" a copy of his Affidavit of Jurisdiction upon Stanton by mailing it to her. The District Court then entered an Order observing that the Affidavit of Jurisdiction had not been served on Stanton by a process server. The Order also stated that the court would not act upon any pleadings until Vaughan produced proof of service of process by a process server.

¶8     In March of 2005, Vaughan filed several documents together. First, he filed a Motion Directing Service, claiming to have no means by which to effectuate service by a process

3

server, and thus requesting "an Order of the Court, Directing Service of the annexed documents by regular mail . . . or in the alternative Directing the Clerk of the Court to provide for Service of the annexed documents upon Respondent, Reva Stanton." Second, he filed a Motion for Appointment of Counsel, claiming to be unfamiliar with Montana law and claiming that he lacked the funds to accomplish service by a process server. Third, he filed an Application for Appearance Via Electronic Testimony. Fourth, he filed another Affidavit of Jurisdiction. Finally, he filed an Amended Petition for Visitation, requesting that the District Court order, *inter alia*, correspondence with Michael Vaughan at least four times per month.

¶9 The District Court then filed an Order which stated that Vaughan's Amended Petition for Visitation would be filed, but also denied his motions. First, the District Court denied the Motion Directing Service, stating that it would not act upon any pleadings until Vaughan produced proof of service of process by a process server. Second, the District Court denied Vaughan's Motion for Appointment of Counsel, stating "[t]he Court does not appoint counsel to represent clients in domestic relations matters, only criminal matters." Third, the District Court denied Vaughan's Application for Appearance Via Electronic Testimony, stating "[u]ntil such time as Respondent is served, the Court will hold no hearings in this matter."

¶10 From this Order, Vaughan appeals.

## DISCUSSION

¶11 We have determined that our decision in this case is appropriately rendered by memorandum opinion pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003.

¶12 On appeal, Vaughan claims that the District Court erred in denying his Motion Directing Service and his Motion for Appointment of Counsel. These denials, Vaughan asserts, violated his constitutional right to access the courts and his right to due process. Further, Vaughan cites a "fundamental right to the care, companionship, custody and management of his minor child . . . ." Setting aside questions as to whether this appeal is properly before us, we decline to address the merits of Vaughan's arguments because he has failed to present an adequate brief for our review.

¶13 We have demonstrated in the past that we are willing to make accommodations for *pro se* litigants by relaxing the technical requirements which do not impact fundamental bases for appeal. However, appellants ultimately have the burden of establishing error by a district court. *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26. In carrying that burden, an appellant must do more than simply make generalized claims that his or her constitutional rights were violated by the alleged error. *State v. Whipple*, 2001 MT 16, ¶ 34, 304 Mont. 118, ¶ 34, 19 P.3d 228, ¶ 34.

¶14 Vaughan's contentions on appeal are generalized and lacking in analysis. Further, he fails to properly support his arguments with legal authority as required by Rule 23(a)(4), M.R.App.P. As we have stated, "it is not this Court's obligation to conduct legal research on appellant's behalf, to guess as to his precise position, or to develop legal analysis that may

5

lend support to his position." *In re Estate of Bayers*, 1999 MT 154, ¶ 19, 295 Mont. 89, ¶ 19, 983 P.2d 339, ¶ 19. We would have to undertake precisely these tasks in order to consider Vaughan's appeal further.

¶15    Accordingly, we decline to address the merits of Vaughan's arguments.

¶16    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS